IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA RIVETT, on behalf of herself and all others similarly situated, | |
| Plaintiff, | COLLECTIVE ACTION COMPLAINT |
| -against- | |
| CHICAGO BREAD, L.L.C., a Missouri limited liability company, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Melissa Rivett, individually and on behalf of all others similarly situated, as a collective action representative, by her attorneys, alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated employees who have worked as Assistant Managers ("AMs") for Chicago Bread, L.L.C. ("Chicago Bread") in the State of Illinois.

2. Defendant operates approximately 39 Panera Bread franchise restaurant locations, all of which are located in Illinois.

3. In each of its restaurants, Defendant employs a combination of salaried and hourly-paid employees. At the top of the store hierarchy are "General Managers" who oversee and are responsible for day-to-day store operations.

4. Defendant also employs AMs such as Plaintiff, to work in its restaurants. AMs report to, and are lower on the store hierarchy than, the General Manager. Even though they are referred to by Defendant as managers, AMs are not true managers and do not exercise

management authority. Instead, among other things, these purported "managers" take customer orders, serve customers, cook food, work the cash register, check inventory, clean the store, and perform other non-managerial duties.

5. AMs, who are classified as exempt, are required to perform non-exempt work in order to sufficiently service customers due to Defendant's tight labor budgets.

6. The primary duty of the AM position is to perform non-exempt work including manual labor and customer service tasks.

7. The primary duty of the AM position does not vary among Defendant's locations.

8. Despite the non-managerial nature of their job duties, at all relevant times, Defendant improperly classified Plaintiff and similarly situated AMs as exempt from federal overtime compensation and, in the process, deprived them of overtime wages for hours worked in excess of 40 in a workweek.

9. For much of her employment at Chicago Bread, Plaintiff worked approximately 45 hours per week but was not paid proper overtime wages of time and a half for the hours that she worked in excess of 40 hours per week.

10. By the conduct described in this Complaint, Defendant willfully violated the Fair Labor Standards Act by failing to pay its AMs, including Plaintiff, proper overtime wages as required by law.

11. Plaintiff seeks to recover unpaid wages that Defendant owes her and similarly situated current and former AMs. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), on behalf of herself and all similarly situated current and former Assistant Managers who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. § 216(b).

# THE PARTIES

*Plaintiff*

*Melissa Rivett*

12. Plaintiff Melissa Rivett ("Rivett") is an adult individual who is a resident of Seattle, Washington.

13. Rivett was employed by Defendant from approximately April 2011 to June 2016. During this period, Rivett worked as an AM in Defendant's store located in Yorkville, Illinois.

14. Pursuant to Defendant's policy, pattern, and/or practice, Rivett regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

15. Throughout his employment with Defendant, during most weeks that Rivett worked for Defendant, she typically worked five days per workweek, and, on average, worked approximately 45 hours per workweek.

16. Rivett is a covered employee within the meaning of the FLSA.

17. A written consent form for Rivett is attached hereto as **Exhibit A**.

*Defendant*

18. Chicago Bread, L.L.C. is a Missouri limited liability company, authorized to do business in Illinois, and headquartered in Springfield, Missouri.

19. Defendant operates 40 Panera Bread franchise locations, all of which are within the State of Illinois.

20. Throughout the relevant period, Defendant employed Plaintiff and similarly situated AMs within the meaning of the FLSA. Defendant has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

21. Defendant is a covered employer within the meaning of the FLSA, and, at all

times relevant, employed Plaintiff and similarly situated employees.

22. At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and similarly situated employees, including payroll and other employment practices that applied to them.

23. Defendant applies the same employment policies, practices, and procedures to all AMs.

24. At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

26. In addition, the Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

27. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

28. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because it is the District in which a substantial part of the events or omissions giving rise to the claim occurred. Defendant is subject to personal jurisdiction in Illinois.

## FACTUAL ALLEGATIONS

29. Plaintiff brings this action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendant as AMs at any location in the United States, on or after February 2, 2015, who elect to opt-in to this action (the "FLSA Collective").

30. Plaintiff and members of the FLSA Collective all worked for Defendant as AMs at locations throughout the State of Illinois.

31. Plaintiff and the members of the FLSA Collective have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA by denying them overtime compensation.

32. Upon information and belief, Plaintiff and the members of the FLSA Collective worked more than 40 hours during most weeks in which they worked for Chicago Bread.

33. Upon information and belief, Plaintiff and the members of the FLSA Collective were commonly scheduled to work or actually did work 50 to 60 or more hours per week.

34. Chicago Bread failed to pay Plaintiff and the members of the FLSA Collective overtime compensation for hours they worked over 40 in a workweek.

35. Chicago Bread failed to keep accurate records of the hours that Plaintiff and the members of the FLSA Collective worked.

36. All of the work that Plaintiff and the members of the FLSA Collective have performed has been assigned by Chicago Bread and/or Chicago Bread has been aware of all of the work that Plaintiff and the members of the FLSA Collective performed.

37. Pursuant to a centralized, company-wide policy, pattern, or practice that was authorized, established, promulgated, and/or ratified by its corporate headquarters, Chicago Bread classified Plaintiff and the members of the FLSA Collective as exempt from the overtime protections of the FLSA.

38. Chicago Bread's classification determination of AMs did not vary depending on the location where AMs worked.

39. Plaintiff and the members of the FLSA Collective performed the same or similar

primary job duties.

40. Plaintiff and the members of the FLSA Collective regularly performed non-managerial customer service duties, including conversing with customers about their experiences, working the cash register, preparing food, and cleaning the restaurant.

41. Plaintiff and the members of the FLSA Collective did not have the authority to hire and fire employees.

42. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime for hours that they worked in excess of forty (40) hours per workweek;

    b. willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

    c. willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

43. Chicago Bread is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of forty (40) per workweek.

44. Chicago Bread did not perform a person-by-person analysis of every AM's job duties in making its decision to classify all Assistant Managers as exempt.

45. Chicago Bread failed to take steps to ensure that Plaintiff and the FLSA Collective members were correctly classified as exempt employees.

46. Chicago Bread did not study or analyze whether Plaintiff and the FLSA

Collective members met the requirements of the exemptions to the FLSA's overtime provisions.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### On behalf of the Plaintiff and the FLSA Collective Against Defendant

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. At all relevant times, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to Chicago Bread.

50. Chicago Bread was an employer of Plaintiff and the FLSA Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. At all relevant times, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

52. Chicago Bread has failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

53. Chicago Bread's violations of the FLSA, as described in this Complaint, have been willful and intentional.

54. Because Chicago Bread's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

55. As a result of Chicago Bread's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29

U.S.C. §§ 201 *et seq.*, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court issue such notice, to all persons who are members of the FLSA Collective. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime;

B. Unpaid overtime and liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

C. An injunction enjoining Defendant from violating the foregoing laws and regulations in the future;

D. Pre-judgment and post-judgment interest;

E. Attorneys' fees and costs of the action, including expert fees;

F. Reasonable incentive award for the named Plaintiff to compensate her for the time she spent attempting to recover wages for other opt-in plaintiffs and for the risks she took in doing so;

G. A declaratory judgment that the practices complained of herein are unlawful; and

H. Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demand a trial by jury on all issues so triable.

Dated: October 7, 2019            Respectfully submitted,

By:    /s/ Justin M. Swartz

Justin M. Swartz (Bar No.6256751)
**OUTTEN & GOLDEN LLP**
Justin M. Swartz
685 Third Avenue, 25th Floor
New York, New York 10016
Telephone: (212) 245-1000
jms@outtengolden.com

**Attorney for Plaintiff and the putative FLSA Collective**